**CHAD C. SPRAKER**
**Assistant U.S. Attorney**
**PAUL JOSEPH**
**Special Assistant U.S. Attorney**
**U.S. Attorney's Office**
**901 Front St., Suite 1100**
**Helena, MT 59626**
**Phone: (406) 457-5120**
**Fax:    (406) 457-5130**
**Email: chad.spraker@usdoj.gov**

**FILED**

DEC 1 2 2017

Clerk, U.S. Courts
District Of Montana
Missoula Division

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 14-27-BU-DLC** |
| **Plaintiff,** | **PLEA AGREEMENT** |
| **vs.** | |
| **CANADADRUGS.COM LTD. PARTNERSHIP, ROCKLEY VENTURES LTD., and RIVER EAST SUPPLIES LTD.,** | |
| **Defendants.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Chad C. Spraker, Assistant United States

Attorney for the District of Montana, the Defendants, Canadadrugs.Com Ltd.

Partnership, Rockley Ventures Ltd., and River East Supplies Ltd. (hereinafter,



AUSA    DEF    ATT'Y    Date                                    Page 1

"Defendants") and their attorneys, Thomas W. McNamara, John E. Smith, and

William Mercer, have agreed upon the following:

**1.    Scope:**  This plea agreement is between the United States Attorney's

Office for the District of Montana and the Defendants.  It does not bind any other

federal, state, or local prosecuting, administrative, or regulatory authority, or the

United States Probation Office.

**2.    Charges:**  Defendants agree to plead guilty to count I of the

superseding information, which charges the crime of introduction and delivery of

misbranded pharmaceutical drugs, a violation of 21 U.S.C. §§ 331(a), 333(a)(2),

352(c), (o), (f)(1) and 18 U.S.C. § 2.  Defendants Rockley Ventures Ltd. and River

East Supplies Ltd. agree to plead guilty to count II of the superseding information,

which charges the crime of selling and dispensing counterfeit pharmaceutical

drugs, a violation of 21 U.S.C. §§ 331(i)(3), 333(a)(1) and 18 U.S.C. § 2.  The

superseding information also alleges a forfeiture count pursuant to 21 U.S.C. § 334

and 28 U.S.C. § 2461(c).

**3.    Penalties:**  The violation of misbranding to which the Defendants

agree to plead guilty carries a mandatory minimum term of probation of one year

and a maximum term of five years, and a statutory maximum fine equal to the

greatest of: (1) $500,000; (2) twice the gross amount of any pecuniary gain derived

from the offense; or (3) twice the gross amount of any pecuniary loss sustained by

a person other than the defendant. *See* 18 U.S.C. §§ 3561(c)(1), 3571(c)(2), (3) and 3571(d).

The violation of selling counterfeit drugs to which Defendants Rockley Ventures Ltd. and River East Supplies Ltd. agree to plead guilty carries a statutory maximum term of probation of five years, and a statutory maximum fine equal to the greatest of: (1) $200,000; (2) twice the gross amount of any pecuniary gain derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by a person other than the defendant. *See* 18 U.S.C. §§ 3561(c)(2), 3571(c)(2), (5) and 3571(d).

Fines imposed by the sentencing judge may be subject to the payment of interest. Further, in addition to imposing any other penalty on the Defendants, the sentencing judge will order each Defendant to pay a special assessment of $400 per felony count and $125 per misdemeanor count, pursuant to 18 U.S.C. § 3013, which assessments must be paid on the date of sentencing.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss the indictment and superseding indictment against all defendants.

**4.     Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*. The Defendants and the United States agree that a specific disposition of five years of



| <u>CCS</u> | | | 12-11-17 |
|---|---|---|---|
| AUSA | DEF | ATTY | Date |

probation, forfeiture of $29,000,000, a fine of $5,000,000, a special assessment of $400 to be paid by Defendant CanadaDrugs.com, Ltd Partnership, and a special assessment of $525 each to be paid by Defendants Rockley Ventures, Ltd., and River East Supplies, Ltd. is appropriate in this case and will result in the imposition of a reasonable sentence that is sufficient, but not greater than necessary, taking into consideration all of the factors set forth in 18 U.S.C. §§ 3553(a) and 3572.

The Defendants agree to be jointly and severally responsible and liable for the fine and forfeiture amounts set forth above and ordered by the Court.

The Defendants understand that if the agreement is accepted by the Court they will not have an automatic right to withdraw their plea. Rule 11(d)(2)(A), *Federal Rules of Criminal Procedure*. If the Court rejects the agreement pursuant to Rule 11(c)(5), *Federal Rules of Criminal Procedure*, the Defendants will be able to withdraw their plea and the parties will proceed to trial on the superseding indictment.

Forfeiture

The Defendants will forfeit to the United States assets subject to forfeiture pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c) as a result of the guilty plea.

The Defendants admit that proceeds from the misbranded and counterfeit pharmaceutical drugs they distributed in violation of 21 U.S.C. § 331 from January



2009 to January 2012 totaled at least $29,000,000 in United States currency.  The Defendants acknowledge and agree that the specific quantities of pharmaceutical drugs which were misbranded and/or counterfeit in violation of 21 U.S.C. § 331 cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, destroyed, or placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty.  Accordingly, Defendants agree that the United States is entitled to forfeit as substitute assets other assets of Defendants up to the value of the now missing directly forfeitable assets.

Defendants agree that, on the date of sentencing, they shall remit the amount of $29,000,000 in United States funds to the United States Marshals Service pursuant to wire instructions provided by the United States Attorney's Office. Defendants and the United States agree that this payment of $29,000,000 shall satisfy any and all forfeiture obligations that Defendants may have as a result of their guilty pleas.

Forfeiture of the substitute assets set forth shall not satisfy or offset any fine, restitution, or other penalty imposed upon the Defendants, nor shall the forfeiture be used to offset Defendants' tax liability or any other debt owed to the United States, if any.

Cessation of Sales to the United States:

(a)     Within 90 days after sentencing pursuant to this plea agreement, the Defendants, their subsidiaries, and other related entities—including but not limited to Thorkelson Consulting, Ltd.; 4208081 Canada Ltd.; and Global Drug Supply, Ltd.—shall permanently cease any sales of unapproved, misbranded, adulterated or counterfeit drugs in the United States through the internet or otherwise.

(b)     Within 90 days after sentencing pursuant to this plea agreement, the Defendants, their subsidiaries, and other related entities shall surrender all domain names, and any legal rights with respect to use of the domain names, to the United States that they utilized in the sale or distribution of unapproved, misbranded, adulterated or counterfeit drugs in the United States, including but not limited to www.canadadrugs.com, www.cheapodrugs.com, and www.jandrugs.com.

(c)     The Defendants agree to provide any reasonable assistance necessary to effectuate the transfer of control of the domain names, including but not limited to contacting the domain registrar responsible for register of each of the domain names and authorizing transfer of the domain name to the United States.  Further, the Defendants shall assist in the transfer of the identified domains by delivery to the United States, upon the United States' request, of all necessary and appropriate documentation with respect to such domains, including consents to transfer,

contracts with the registrar(s), proof of payment, and any and all other documents necessary to deliver good and marketable title to domains.

(d)     Defendants agree not to disclose, directly or indirectly, any customer information for individuals residing in the United States to any other pharmacy with a principal place of business or jurisdiction of entity formation outside the United States.  Defendants further agree not to sell any of its customer information to any third party.

Cooperation:

The Defendants, their subsidiaries, and other related entities, including but limited to Thorkelson Consulting, Ltd.; 4208081 Canada Ltd.; and Global Drug Supply, Ltd., agree to cooperate with the United States in the following ways:

(a)     Make available their present owners, executives, independent contractors, and employees to provide information and/or testimony as requested by FDA's Office of Criminal Investigations or the U.S. Attorney's Office for the District of Montana, including sworn testimony before a federal grand jury or in federal trials, as well as interviews with federal law enforcement authorities.

(b)     Use their best efforts to make available their former owners, executives, independent contractors, and employees to provide information and/or testimony as requested by FDA's Office of Criminal Investigations or the U. S. Attorney's Office for the District of Montana, including sworn testimony before a

federal grand jury or in federal trials, as well as interviews with federal law enforcement authorities.

    (c)    The Defendants, their subsidiaries, and other related entities shall voluntarily surrender all information relating to their sale or distribution of unapproved, misbranded, adulterated or counterfeit drugs in the United States, including but not limited to:

    (1) All information relating to the sale or distribution of such drugs to physicians, physician offices, clinics or hospitals in the United States, including but not limited to:

        (A)   All emails relating to the sale or distribution of such drugs to such customers;

        (B)   All information relating to complaints, including but not limited to:

            i.    All information relating to the counterfeit Avastin distributed by the Defendants, its subsidiaries, and other related entities;

            ii.    All information relating to the counterfeit Altuzan distributed by the Defendants, its subsidiaries, and other related entities;

       iii.    All information relating to any other complaints of suspect or counterfeit product;

       iv.    All information relating to complaints about product temperature;

       v.    All information relating to any other complaints about product quality.

(C) All invoices referencing sales to such customers;

(D) All financial records related to the sale or distribution of such drugs to such customers;

(E) All recorded telephone conversations with such customers;

(F) All marketing materials relating to sales efforts;

(G) All call notes, transcripts, logs or any other record maintained relating to the sale of such drugs to such customers;

(H) All information relating to the entities that were involved in the sale or distribution of such drugs to such customers, including but not limited to:

       i.    Organization charts;

       ii.    Employee rosters.

(I)  All information relating to drop-shippers, logistics providers, or common carriers utilized in the sale or distribution of such drugs to such customers, including but not limited to:

    i.  All emails relating to such entities;

    ii.  All shipping records relating to the distribution of such drugs to such customers.

(J)  All information relating to the sourcing of such drugs, including but not limited to:

    i.  The name and address of all sources of such drugs;

    ii.  All emails with suppliers;

    iii.  All invoices reflecting the purchase of such drugs;

    iv.  All information relating to due diligence performed on suppliers.

(2) All information relating to the sale or distribution of such drugs to any customer in the United States not encompassed in subsection (1), including but not limited to:

(A)  All emails relating to the sale or distribution of such drugs to such customers;

(B)  All information relating to complaints, including but not limited to product quality complaints;

(C)  All invoices referencing sales to such customers;

(D)  All financial records related to the sale or distribution of such drugs to such customers;

(E)  All recorded telephone conversations with such customers;

(F)  All marketing materials relating to sales efforts;

(G)  All call notes, transcripts, logs or any other record/document maintained related to the sale of such drugs to such customers;

(H)  All information relating to the entities that were involved in the sale or distribution of such drugs to such customers, including but not limited to:

    i.   Organization charts;

    ii.   Employee rosters.

(I)  All information relating to drop-shippers, logistics providers, or common carriers utilized in the sale or distribution of such drugs to such customers, including but not limited to:

    i.   All emails relating to such entities;

      ii.     All shipping records relating to the distribution of

            such drugs to such customers.

   (J)  All information relating to the sourcing of such drugs,

        including but not limited to:

      i.     The name and address of all sources of such drugs;

      ii.     All emails with suppliers;

      iii.    All invoices reflecting the purchase of such drugs;

      iv.    All information relating to due diligence performed on

            suppliers.

## Interdependence of Plea Agreements

The Defendants agree that this agreement is contingent upon the Court's acceptance of the guilty plea of codefendant Kristjan Thorkelson.

**5.** **Admission of Guilt:** The Defendants will plead guilty because the Defendants are guilty of the charges contained in the superseding information. In pleading guilty, the Defendants acknowledge the following:

### Count I (Felony Misbranding)

First, the Defendants introduced into interstate commerce or delivered for introduction into interstate commerce prescription drugs;

Second, the drugs were misbranded at the time of their introduction or delivery for introduction; and

Third, the Defendants acted with the intent to defraud or mislead.

### Count II (Sale of Counterfeit Drugs)

First, the Defendants Rockley Ventures Ltd. and River East Supplies Ltd. sold prescription drugs into interstate commerce; and

Second, the drugs were counterfeit.

**6.    Waiver of Rights by Plea:**

(a)    The Defendants are entitled to have the felony misbranding charge outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b)    The government has a right to use against the Defendants, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c)    The Defendants have the right to plead not guilty or to persist in a plea of not guilty.

(d)    The Defendants have the right to a jury trial unless, by written waiver, the Defendants consent to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(e)     The Defendants have the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The Defendants and the Defendants' attorneys would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the Defendants are presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the Defendants' guilt beyond a reasonable doubt.

(g)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the Defendants' guilt beyond a reasonable doubt.

(h)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the Defendants. The Defendants would be able to confront those government witnesses and the Defendants' attorneys would be able to cross-examine them.  In turn, the Defendants could present witnesses and other evidence.  If the witnesses for the

Defendants would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i)     At a trial, there is a privilege against self-incrimination so that the Defendants could decline to testify and no inference of guilt could be drawn from the refusal to testify.  Or the Defendants could exercise the choice to testify.

(j)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the Defendants would have the right to appeal the convictions to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the Defendants to reversal of the conviction.

The Defendants understand that by pleading guilty pursuant to this agreement, the Defendants are waiving all of the rights set forth in this paragraph. The Defendants' attorneys have explained those rights and the consequences of waiving those rights.

**7.     Stipulation as to Disposition:**   Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the Defendants agree that the appropriate disposition of this case is as follows, and will result in imposition of a reasonable sentence that is sufficient but not greater than necessary, taking into consideration all of the factors set forth in 18 U.S.C. §§ 3553(a) and 3572:

(a) A total criminal fine in the amount of $5,000,000 U.S. funds to be imposed on each Defendant for each of counts I and II concurrently.  The

Defendants will be jointly and severally responsible and liable for this fine amount and shall pay the fine on the date of sentencing in this matter;

(b) Defendant Canadadrugs.com, Ltd. Partnership shall pay a mandatory special assessment in the amount of $400 U.S. funds pursuant to 18 U.S.C. § 3013. Defendants Rockley Ventures Ltd. and River East Supplies Ltd. shall each pay a mandatory special assessment in the amount of $525 U.S. funds pursuant to 18 U.S.C. § 3013.  The Defendants shall pay the special assessment on the date of sentencing in this matter;

(c) Forfeiture in the total amount of $29,000,000 U.S. funds.  The Defendants will be jointly and severally responsible and liable for payment of this forfeiture amount.  The Defendants will pay this total forfeiture amount by or on the date of sentencing in this matter; and

(d) A five-year period of probation.

**8.     Sentencing Guidelines:**  The parties agree that the offense conduct for the crimes to which the Defendants will plead guilty is described by Sentencing Guidelines § 2N2.1 (Violations of Statutes and Regulations Dealing With Any Food, Drug, Biological Product, Device, and Cosmetic, Agricultural Product, or Consumer Product).  Therefore, the Sentencing Guidelines provisions for determining the amount of a fine for an organization do not apply in this case. USSG §8C2.1.  Instead the Court should determine an appropriate fine by applying

the general statutory provisions governing sentencing, 18 U.S.C. §§ 3553 and 3572. USSG §8C2.10.

9.     **Appeal Waiver:** The Defendants understand that the law provides a right to appeal and collaterally attack the sentence imposed in this case. Based on the concessions made by the United States in this case, the Defendants knowingly waive any right to appeal the judgment and sentence and any right to bring any other post-conviction attack on the sentence. The Defendants specifically agree not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking the judgment and sentence. This waiver does not prohibit the right to pursue or maintain such an action alleging ineffective assistance of counsel.

10.    **Authorizations:** The Defendants' acknowledgements of this Agreement and execution of this Agreement on behalf of the individual companies are attached as Exhibit A to this Agreement. The Defendants shall provide to the U.S. Attorney's Office and the Court a certified copy of a resolution of the governing authorities of each Defendant affirming that each has authority to enter into the Agreement and has (1) reviewed the superseding information in this case and the proposed Agreement; (2) consulted with legal counsel in connection with this matter; (3) authorized execution of the proposed Agreement; (4) authorized each Defendant to plead guilty to the charges specified in the superseding information; and (5) authorized the representative identified below to execute the

| CCS | | | 12-11-17 | |
|-----|-----|------|------|------|
| AUSA | DEF | ATTY | Date | Page 17 |

Agreement and all other documents necessary to carry out the provisions of the Agreement. Copies of the resolutions for each Defendant are attached as Exhibit B to this Agreement. Pursuant to Federal Rule of Criminal Procedure 43(b)(1), a duly authorized attorney for the Defendants will appear on behalf of Defendants and enter the guilty pleas and for sentencing.

**11.    Voluntary Plea:** The Defendants and the Defendants' attorneys acknowledge that no threats, promises, or representations have been made to induce the Defendants to plead guilty, and that this agreement is freely and voluntarily endorsed by the defendants.

**12.    Request for Expedited Preparation of PSR Report before Acceptance of Plea:** The parties agree to jointly request that the Court order the Probation Office to prepare a pre-plea Presentence investigation report. If, after considering the parties' Rule 11(c)(1)(C) plea agreement and the Presentence investigation report, the Court concludes it will accept the plea agreement and sentence the defendants pursuant to the terms in this plea agreement, the parties will request a hearing date. The defendants agree to waive indictment, plead guilty, and be sentenced in the same hearing.

The defendants further acknowledge that Federal Rule of Criminal Procedure 32(e)(1) precludes the probation officer from submitting the presentence report to the Court or disclosing its contents to anyone until the defendants have



AUSA        DEF        ATTY        Date                                        Page 18

pleaded guilty. The defendants consent to the submission of the presentence report to the Court for its review prior to the entry of their plea. The defendants further consent to the disclosure of the presentence report to the United States by the probation officer.

**13.** **Disclosure of Financial Information:** The Defendants authorize the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the Defendants to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the Defendants through its investigation. The Defendants further agree to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the Defendants' ability to satisfy any financial obligation imposed by the Court. The Defendants consent to being immediately placed in the Treasury Offset Program to help meet the Defendants' obligation to pay restitution and/or a fine.

**14.** **Breach:** If the Defendants breach the terms of this agreement, or commit any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the Defendants may not withdraw the guilty pleas.



CCS        12-11-17
AUSA   DEF   ATTY   Date                                    Page 19

15.   **Entire Agreement:**  Any statements or representations made by the
United States, the Defendants, or defense counsel prior to the full execution of this
plea agreement are superseded by this plea agreement.  No promises or
representations have been made by the United States except as set forth in writing
in this plea agreement.  This plea agreement constitutes the entire agreement
between the parties.  Any term or condition which is not expressly stated as part of
this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

Chad C. Spraker
Assistant U. S. Attorney
Date: 12-11-17

Representative Kris Thorkelson
Title President
CanadaDrugs.com Ltd. Partnership
Date: 11/29/2017

Representative Kris Thorkelson
Title Authorized Individual
Rockley Ventures Ltd.
Date: 11/29/2017

Representative _Kris Thorkelson_

Title _Director_

River East Supplies Ltd.

Date: _11/29/2017_


Thomas W. McNamara
Defense Counsel
Date: _11/28/17_


John E. Smith
Defense Counsel
Date: _12.6.17_


William W. Mercer
Defense Counsel
Date: _12/7/17_

# ROCKLEY VENTURES LTD.

## RESOLUTION OF THE BOARD OF DIRECTORS

The undersigned, being all of the Directors of **ROCKLEY VENTURES LTD.** (the "**Company**"), acting pursuant to the Companies Act Cap. 308 of the Laws of Barbados, hereby adopt the following resolution by Written Consent in lieu of Meeting.

**APPROVAL OF PLEA AGREEMENT:**

**WHEREAS** the Company wishes to enter into a plea agreement (the "**Plea Agreement**") with the United States Attorney's Office for the District of Montana, Canadadrugs.Com Ltd. Partnership and River East Supplies Ltd. pursuant to which the Company has agreed to plead guilty to count I and count II of the superseding information (as described in the Plea Agreement) (the "**Superseding Information**") and pursuant to the terms and conditions as set forth therein.

**WHEREAS** the Board confirms on behalf of the Company the following:

1. That it has reviewed the Superseding Information and the Plea Agreement; and
2. That it has consulted or has had the opportunity to consult with legal counsel on the matters pertaining to the Plea Agreement.

**BE IT RESOLVED THAT:**

1. the Company is hereby authorized to enter into, execute and deliver the Plea Agreement.

2. Kristjan Thorkelson is hereby authorised to execute the Plea Agreement on behalf of the Company and all other documents, certificates and/or instruments and take all necessary actions to give effect to the aforementioned resolutions.

3. The Company's attorney is hereby authorised to appear in court to enter the guilty plea and for sentencing on behalf of the Company and to execute and deliver all documents or instruments as are necessary to the entry of the plea.

*This resolution may be executed by the respective parties in counterpart form and each counterpart is to be read as an original document and all such counterparts are to be deemed as representing the same document. A facsimile transmission or PDF email copy of this consent signed by the persons named below shall be sufficient to establish the signature of such person and to constitute the consent in writing of such person to the foregoing resolutions.*

**ROCKLEY VENTURES LTD.**

Resolution of the Directors

**IN WITNESS WHEREOF,** this executed consent is effective this 14th day of November, 2017.

Deborah N. Crichlow

David A Lewis

Magnus D.E. Whitehead

**RESOLUTION OF THE SOLE DIRECTOR**
of
**RIVER EAST SUPPLIES LIMITED**
**(herein called the "Corporation")**

**WHEREAS** the sole director of the Corporation has received a copy of a proposed plea agreement (the "Plea Agreement") between the Corporation et al and the United States Department of Justice (the "DOJ");

**AND WHEREAS** the sole director of the Corporation has reviewed the superseding information in this case and the proposed Plea Agreement and has consulted with legal counsel with this matter;

**AND WHEREAS** the sole director of the Corporation has deemed it expedient and in the best interest of the Corporation to authorize the execution of the proposed Plea Agreement and to plead guilty to the charges within the Plea Agreement,

**NOW THEREFORE BE IT RESOLVED THAT:**

1. The execution, delivery and performance of the Plea Agreement between the Corporation and the DOJ, is approved, in substantially the form presented to the Corporation.  The director deems it advisable and in the best interests of the Corporation to settle the claims brought by the DOJ against the Corporation;

2. Thomas McNamara, of the law firm McNamara Smith LLP, as a representative of the Corporation, be and hereby is authorized, empowered and directed to represent the Corporation at any hearing in order to waive any and all rights of the Corporation referred to in the Plea Agreement and to plead guilty at such hearing, for and on behalf of the Corporation, in accordance with the terms therein; and

3. Thomas McNamara, of the law firm McNamara Smith LLP, as a representative of the Corporation, be and hereby is authorized, empowered and directed, for and on behalf of the Corporation, to prepare and deliver, or cause to be prepared and delivered, and to execute all documents and take or cause to be taken such further actions as he may deem necessary, appropriate and advisable to fully effectuate the intent of the foregoing resolutions and to comply with the provisions of any of the documents and instruments approved or authorized hereby.

This resolution is effective the *13th* day of *November*, 20*17*.

DATED the *13th* day of *November*, 20*17*.

_____
Authorized Signing Authority

**I CERTIFY** this to be a complete, exact and true copy of the original document.

**DALE R. MELANSON**
A lawyer practicing in Manitoba
Barrister / Solicitor / Notary Public
30th Floor, 360 Main Street
Winnipeg, Manitoba  R3C 4G1

_____
A Notary Public in and for
the Province of Manitoba

MINUTES of a meeting of the partners of CanadaDrugs.com LP (the "Partnership") held at the offices of the Partnership on *November 13, 2017*

PRESENT:

                5072425 Manitoba Ltd., as General Partner for the Partnership, and
                5130042 Manitoba Ltd., as the Limited Partner of the Partnership

being all the partners of the Partnership. All the partners being present and being residents of Canada, the meeting was declared to be regularly constituted for the transaction of business.

Kristjan Eric Thorkelson acted as chairman and secretary of the meeting.

The following resolutions were then passed:

BE IT RESOLVED THAT:

1. The execution, delivery and performance of the Plea Agreement between the Partnership and the DOJ, is approved, in substantially the form presented to the partners of the Partnership. The partners deem it advisable and in the best interests of the Partnership to settle the claims brought by the DOJ against the Partnership;

2. Thomas McNamara, of the law firm McNamara Smith LLP, as a representative of the Partnership, be and hereby is authorized, empowered and directed to represent the Partnership at any hearing in order to waive any and all rights of the Partnership referred to in the Plea Agreement and to plead guilty at such hearing, for and on behalf of the Partnership, in accordance with the terms therein; and

3. Thomas McNamara, of the law firm McNamara Smith LLP, as a representative of the Partnership, be and hereby is authorized, empowered and directed, for and on behalf of the Partnership, to prepare and deliver, or cause to be prepared and delivered, and to execute all documents and take or cause to be taken such further actions as he may deem necessary, appropriate and advisable to fully effectuate the intent of the foregoing resolutions and to comply with the provisions of any of the documents and instruments approved or authorized hereby.

There being no further business, the meeting then adjourned.

**5130042 Manitoba Ltd.,** as Limited Partner for CanadaDrugs.com LP

Per: _____

    Kristjan Eric Thorkelson, President

**5072425 Manitoba Ltd.,** as General Partner for CanadaDrugs.com LP

Per: _____

    Kristjan Eric Thorkelson, President

**RESOLUTION OF THE PARTNERSHIP**
**of**
**CANADADRUGS.COM LP**
(herein called the "Partnership")

**WHEREAS** the partners of the Partnership have received a copy of a proposed plea agreement (the "Plea Agreement") between the Partnership et al and the United States Department of Justice (the "DOJ");

**AND WHEREAS** the partners of the Partnership have reviewed the superseding information in this case and the proposed Plea Agreement and have consulted with legal counsel with this matter;

**AND WHEREAS** the Partners of the Partnership deem it expedient and in the best interest of the Partnership to authorize the execution of the proposed Plea Agreement and to plead guilty to the charges within the Plea Agreement

**NOW THEREFORE BE IT RESOLVED THAT:**

1. The execution, delivery and performance of the Plea Agreement between the Partnership and the DOJ, is approved, in substantially the form presented to the partners of the Partnership. The partners deem it advisable and in the best interests of the Partnership to settle the claims brought by the DOJ against the Partnership;

2. Thomas McNamara, of the law firm McNamara Smith LLP, as a representative of the Partnership, be and hereby is authorized, empowered and directed to represent the Partnership at any hearing in order to waive any and all rights of the Partnership referred to in the Plea Agreement and to plead guilty at such hearing, for and on behalf of the Partnership, in accordance with the terms therein; and

3. Thomas McNamara, of the law firm McNamara Smith LLP, as a representative of the Partnership, be and hereby is authorized, empowered and directed, for and on behalf of the Partnership, to prepare and deliver, or cause to be prepared and delivered, and to execute all documents and take or cause to be taken such further actions as he may deem necessary, appropriate and advisable to fully effectuate the intent of the foregoing resolutions and to comply with the provisions of any of the documents and instruments approved or authorized hereby.

Dated as of November 3, 2017.

**CANADADRUGS.COM LP**, by its partners:

**5072425 Manitoba Ltd.**

Per: _____
Kris Thorkelson, President

**5130042 Manitoba Ltd.**

Per: _____
Kris Thorkelson, President