IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>CANADADRUGS.COM LTD. PARTNERSHIP; ROCKLEY VENTURES, LTD.; RIVER EAST SUPPLIES, LTD.,<br>                Defendants. | CR 14–27–BU–DLC<br><br><br>ORDER |

      At the request of the parties, the Court held a status conference attended by counsel only on December 19, 2017. In the course of the status conference, it was made clear to the Court that the Defendants were desirous of expediting the proceedings by holding the change of plea hearing on the same day as the sentencing hearing. To this end, Defendants, through their counsel of record, have provided their consent to allowing the Court to read the presentence investigation report ("PSR") before the change of plea hearing. However, Federal Rule of

Criminal Procedure 32(e)(1) provides that the Court is precluded from reading the PSR until after the defendant has pled guilty, unless the defendant has consented in writing. As Defendants have not consented in writing to allowing the Court to read and review the PSR before the change of plea hearing, the Court requests Defendants do so by **January 31, 2018,** to allow the Court adequate time to review the PSR and ensure the below-scheduled hearing may commence as planned. The Court makes this request based upon the expressed consent of Defendants. If the Court does not receive written consent before **January 31, 2018,** the Court will vacate the scheduled hearing and reset separate change of plea and sentencing hearings. Accordingly,

IT IS ORDERED that:

1. The Consolidated Change of Plea and Sentencing Hearing is scheduled for **April 13, 2018, at 9:00 a.m. in the Russell Smith Courthouse, Missoula, Montana.**

2. The United States Probation Office shall conduct a presentence investigation in accordance with Fed. R. Crim. P. 32(b) and 18 U.S.C. § 3552(a).

3. Following completion of the presentence report, the probation officer shall disclose the report (excepting any recommendations of the probation officer) to the Defendants, counsel for the Defendants, and counsel for the

Government no later than **February 27, 2018.**  The probation officer shall not disclose, directly or indirectly to anyone under any circumstances, the substance or contents of any recommendation made or to be made to the Court.

      4.      In cases where restitution is mandatory, the probation officer shall consider a payment plan with the Defendants and make recommendations to the Court concerning interest and a payment schedule.

      5.      In accordance with U.S.S.G. § 6A1.2, after receipt of the presentence report and no later than **March 13, 2018,** counsel for each party shall present to the probation officer, in writing, any objections to be relied upon at sentencing and, if there is a dispute over any material in the presentence report, counsel shall meet with the probation officer and attempt to resolve disputes informally by diligent good faith effort.  Any requests for extensions of time to present objections to the probation officer must be granted by the Court. Extensions will not be granted absent compelling reasons.

      6.      The presentence report, in final form, shall be delivered to the Court and the parties no later than **March 29, 2018.**

      7.      If the objections made pursuant to ¶ 5 are not resolved and counsel wishes the Court to address them, the objecting party shall submit all unresolved objections and a sentencing memorandum to the Court no later than

**April 4, 2018.** The Court will resolve disputes in accordance with § 6A1.3 of the guidelines at the sentencing hearing.

8. The parties are advised that in the absence of good cause, the Court will not allow witness testimony at sentencing except as authorized by Fed. R. Crim. P. 32(i). The Court will not approve payment of witness fees and costs under Fed. R. Crim. P. 17(b) unless the witness testimony is authorized by Rule 32(i). If either party intends to have witnesses testify at sentencing, the party must notify the Court and the opposing party, by filing a separate notification document, no later than **April 4, 2018,** of the identity of the witness and the scope and purpose of the intended testimony. The requirement that the opposing party be notified of any intended testimony applies regardless of the language of Rule 17(b) contemplating *ex parte* application for witness subpoenas.

9. Without leave of Court, the Defendants may file no more than ten (10) letters of support. If Defendants wish to file more than ten (10) letters, they must first seek leave of Court explaining why a greater number is necessary. Letters in support shall be filed on or before **April 4, 2018.**

10. Any responses to sentencing memoranda shall be filed on or before **April 9, 2018.**

      11.    Reply briefs will not be accepted for filing in sentencing matters.

DATED this 22nd day of December, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief District Judge
United States District Court